IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COURTNEY DIMIDIK, on behalf
of herself and those similarly
situated,

    Plaintiff,

v.

HALLRICH INC., et al.,

    Defendants.

:
:
:
:
:

Case No. 3:21-cv-306

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND TO COMPEL MEDIATION AND ARBITRATION (DOC. #14); DISMISSING ACTION WITHOUT PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff Courtney Dimidik filed a Class and Collective Action Complaint, asserting violations of the Fair Labor Standards Act ("FLSA") and Ohio law. She alleges that Hallrich, Inc., a Pizza Hut International franchisee, and North Coast Pizza, Inc., her employer, fail to pay delivery drivers the legally-mandated minimum wage for all hours worked and fail to reimburse those drivers for work-related automobile expenses.[1]

---

[1] Additional defendants include Hallrich's A.E. Szambecki, A. Scott Ritchie (now deceased), and Scott C. Arbuthnot.

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Doc. #14. They argue that, because each delivery driver signed a valid and enforceable agreement requiring these types of disputes to be resolved through mediation and/or arbitration, this Court lacks subject matter jurisdiction over Plaintiff's claims. Defendants ask the Court to compel mediation and, after mediation, binding arbitration, and to dismiss the suit with prejudice. This matter is currently before the Court on Defendants' motion, Doc. #14, Plaintiff's response, Doc. #19, Defendants' reply, Doc. #23, and the parties' supplemental briefs, Docs. ##28, 29.

Defendants note that this Court has previously held that Hallrich's Dispute Resolution Plan is valid and enforceable. *See Jefferis v. Hallrich Corp.*, No. 1:18-cv-687, 2019 WL 3462590 (S.D. Ohio July 31, 2019) (Litkovitz, M.J.), *report and recommendation adopted*, 2019 WL 3975774 (Dlott, J.). That case, however, is inapposite given that Plaintiff in the instant case challenges the Dispute Resolution Plan on different grounds.[2]

Plaintiff does not dispute that she and the other opt-in plaintiffs signed a Dispute Resolution Plan, agreeing to mediate and/or arbitrate all employment-related claims, including "wage disputes over compensation, expense reimbursement, [or] wages." She argues, however, that the agreement is

---

[2] In *Jefferis*, the plaintiffs argued that the Plan was invalid as an illusory promise and unenforceable for lack of mutuality of obligation. Plaintiffs also argued that the Plan's 6-month statute of limitations was unenforceable under the FLSA.

2

unenforceable because the FLSA forbids private dispute resolution without the oversight of a court or the Department of Labor. She also argues that the agreement is procedurally and substantively unconscionable. For the reasons set forth below, the Court rejects these arguments.

The Court turns first to Plaintiff's argument that the Dispute Resolution Plan is incompatible with the FLSA. As a general rule, federal policy favors arbitration agreements. *Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1630 (2018). The Federal Arbitration Act ("FAA") provides that written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Such grounds may include fraud, duress, or unconscionability. *Epic*, 138 S.Ct. at 1622.

The Fair Labor Standards Act ("FLSA") sets certain minimum standards for employment and establishes the rights to a minimum wage and to overtime pay. 29 U.S.C. §§ 206, 207. These rights may be enforced individually or in a collective action filed in federal or state court. 29 U.S.C. § 216(b). The Secretary of the Department of Labor ("DOL") is also given authority to "supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207." 29 U.S.C. § 216(c). An employee cannot waive rights established by the FLSA. *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

According to Plaintiff, arbitration evades the judicial and public scrutiny that the FLSA requires. Citing *Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335

3

F.R.D. 458, 461 (M.D. Fla. 2020), Plaintiff argues that private resolution of an FLSA dispute is unenforceable without approval by a court or the Department of Labor.[3] She notes that arbitration rules do not allow for any such approval, and argues that, if they did, this would negate the final, binding nature of the arbitration and defeat the purpose of the contract, rendering it unenforceable.

Plaintiff argues that "[i]f two parties represented by counsel are not permitted to resolve their disputes without Court approval, then those parties cannot 'agree' to have a third party [d]o that which they cannot." Doc. #19, PageID#286. She further argues that, due to its private and confidential nature, arbitration frustrates the purposes of the FLSA by sealing the settlement from public scrutiny.

Plaintiff acknowledges that, in *Gaffers v. Kelly Services, Inc.*, 900 F.3d 293, 295 (6th Cir. 2018), the Sixth Circuit upheld the enforceability of an arbitration agreement in an FLSA case. However, *Gaffers* did not specifically address the question of whether the judicial or DOL oversight required by the FLSA prevents arbitration altogether. Instead, it addressed the question of whether an employee could waive the right to file a collective action.

---

[3] As Plaintiff notes, some circuits require judicial approval of FLSA settlements. Others do not. The Sixth Circuit has not weighed in on the issue but, absent oversight by the DOL, most district courts do demand judicial approval and a court finding that the settlement is fair and reasonable. *See, e.g., Lopez v. Silfex, Inc.*, No. 3:21-cv-61, 2021 U.S. Dist. LEXIS 232508, at *8 (S.D. Ohio Dec. 3, 2021) (Rose, J.) (collecting cases).

4

In *Floss v. Ryan's Family Steakhouses, Inc.*, 211 F.3d 306 (6th Cir. 2000), the Sixth Circuit explained that, although arbitration is widely-accepted as a method for resolving private disputes, its "informality" previously rendered it "suspect as a forum for resolving statutory claims, which typically implicate important public interests." *Id.* at 312. The court noted, however, that, in the 1980s, the Supreme Court upheld arbitration agreements covering statutory claims under the Sherman Act, the Securities Act of 1933, the Securities Exchange Act of 1934, and the Racketeering Influenced Corrupt Organizations Act. In 1991, it upheld mandatory arbitration of claims under the Age Discrimination in Employment Act. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (holding that, by agreeing to arbitrate a statutory claim, a party did not forgo substantive rights afforded by the statute; rather, the party simply agreed to resolve those claims in a different forum).

In *Floss*, the Sixth Circuit rejected the same argument raised by Plaintiff in this case – that arbitration thwarted the important social policies implicated by the FLSA. "Though a claim under the FLSA certainly serves a purpose beyond providing relief to an individual claimant, we fail to see how the broader policies furthered by such a claim are hindered when that claim is resolved through arbitration." 211 F.3d at 313. Defendants further note that Judge McFarland recently found that "there can be no dispute that FLSA claims are arbitrable." *Mullen v. Chaac Pizza Midwest*, No. 1:20-cv-893, 2022 WL 673187, *3 (S.D. Ohio Mar. 7, 2022) (citing *Floss*).

Even if Plaintiff's policy arguments were supported by Sixth Circuit law, they fall outside the scope of the FAA's saving clause. The FAA provides that arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This "saving clause" does not apply to "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

Plaintiff's policy arguments clearly fall outside the scope of the saving clause. Because these arguments do not apply to "any contract," but instead "target arbitration" itself, they are simply not viable. *Gaffers*, 900 F.3d at 297 (citing *Epic*, 138 S.Ct. at 1622). The Court therefore rejects Plaintiff's policy-based arguments.

The recent case of *Morgan v. Sundance*, 142 S.Ct. 1708 (May 23, 2022), does not change the outcome. At Plaintiff's request, the parties were given the opportunity to submit supplemental briefs concerning the applicability of *Morgan* to the pending motion. *See* Docs. ##28 and 29.

At issue in *Morgan* was whether the employer waived its right to arbitrate by waiting eight months after the lawsuit was filed to file its motion to compel arbitration. Although the federal waiver rules do not include a prejudice requirement, the Eighth Circuit imposed one, citing the federal policy favoring arbitration. It held that, because the plaintiff had not shown prejudice, the

6

employer had not waived its right to enforce the arbitration agreement. The Supreme Court held that the Eighth Circuit erred in so holding. It concluded that courts cannot create arbitration-specific variants of federal procedural rules, like those concerning waiver, based on the federal policy favoring arbitration. *Morgan*, 142 S.Ct. at 1712.

Plaintiff argues that *Morgan* supports her argument that allowing private settlements of FLSA claims in the context of an arbitration, while prohibiting direct settlements of FLSA claims between employers and employees, "creates an improper procedural exception to the FLSA based on misplaced excessive deference to arbitration contracts." Doc. #29, PageID#775.

Defendants, however, maintain that Plaintiff reads *Morgan* too broadly. *Morgan*, in fact, affirmed the proposition that arbitration contracts must be evaluated the same as all other contracts. Defendants contend that Plaintiff is attempting to use a policy argument to tilt the playing field *against* arbitration agreements, something that *Morgan* also expressly forbids. *See Morgan*, 142 S.Ct. at 1713 (quoting *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 302 (2010)) (holding that arbitration agreements are on the "same footing" as other contracts).

Defendants have the better argument. Plaintiff and the other opt-in plaintiffs agreed to mediate and arbitrate all employment-related claims, including disputes over compensation and expense reimbursement. Absent evidence of

7

illegality, fraud, duress, or unconscionability, the Court must enforce that agreement.

This brings us to Plaintiff's second major argument -- that the Dispute Resolution Plan is unconscionable. In order for an arbitration agreement to be deemed unconscionable, the plaintiff must prove that it is both substantively and procedurally unconscionable. *Porpora v. Gatliff Bldg. Co.*, 2005-Ohio-2410, at ¶6 (9th Dist.). "Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible." *Id.* at ¶7. "Substantive unconscionability refers to the actual terms of the agreement." *Id.* at ¶8.

The Court turns first to the question of substantive unconscionability. Most of Plaintiff's arguments lack merit. For example, her claim that the Dispute Resolution Plan is substantially unconscionable because it strips employees of the power to bring a collective action, was rejected in *Gaffers*, 900 F.3d at 297. Likewise, her argument that the Plan is substantively unconscionable because Defendants can amend the plan at any time was specifically rejected in *Jefferis*, 2019 WL 3462590, at *4 (holding that, because the employer must notify employees of any changes to the plan, the promise to arbitrate was not illusory and did not lack consideration).

Plaintiff further argues that the Plan is substantively unconscionable because arbitration is not a neutral forum in which employees can effectively vindicate their rights. She suggests that arbitrators tend to rule in favor of the

8

employers, who are repeat customers, and that, under AAA rules, the arbitrator has unchecked power with respect to conducting proceedings. As Defendants point out, however, the Dispute Resolution Plan provides for the mutual selection of a neutral arbitrator and, if there is evidence of partiality or corruption on the part of the arbitrator, the employee may seek judicial review.

Plaintiff also complains that, with arbitration, employees are unable to exercise subpoena power to obtain pre-hearing discovery from non-parties. Courts, however, have repeatedly rejected challenges to limits on pre-hearing discovery. *See, e.g., Gilmer*, 500 U.S. at 31; *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 387 (6th Cir. 2005) (acknowledging that "the opportunity to undertake extensive discovery is not necessarily appropriate in an arbitral forum"). Plaintiff further argues that the Dispute Resolution Plan is substantively unconscionable because it requires the arbitrator to allow motions for summary judgment to be filed, and said motions are often granted in favor of the employers. Defendants note, however, that this is indistinguishable from what takes place in a judicial forum.

Only one of Plaintiff's arguments with respect to substantive unconscionability warrants further consideration. It concerns the provision in the Dispute Resolution Plan requiring employees to file a request for mediation within six months of the date of the event giving rise to the dispute. In *Jefferis*, the court severed this provision from the Plan because it was incompatible with the FLSA, which provides for a two-year statute of limitations for non-willful violations and a

9

three-year statute of limitations for willful violations, and interfered with an employee's substantive rights. 2019 WL 3462590, at **5-6. Plaintiff notes that, even though *Jefferis* was decided in 2019, Defendants have done nothing to modify the language in the Dispute Resolution Plan. She suggests that Defendants want to continue to mislead employees to believe that their FLSA claims are time-barred.

Defendants acknowledge that the six-month statute of limitations is unenforceable as to any FLSA claims. They, however, deny any attempt to mislead employees. They note that courts have upheld a six-month statute of limitations in connection with *other* types of claims. They argue that, rather than list separate statutes of limitations for various types of claims, the Plan simply establishes a six-month time period and, if it is found to be unenforceable with respect to a certain claim, it can simply be severed from the Plan as it was in *Jefferis*.[4] Plaintiff argues, however, that, because Defendants have been on notice for three years that this provision is unenforceable with respect to FLSA claims and still have taken no action to cure the defect, it would be improper to simply sever this provision again.

In the Court's view, Plaintiff has a colorable argument. Regardless of whether Defendants' failure to modify the Plan language in response to *Jeffers*

---

[4] Defendants further argue that, because Plaintiffs Digiorgi and Edmonds signed the Dispute Resolution Plan before *Jefferis* was released, the Court should not consider Plaintiff's argument with respect to these two opt-in Plaintiffs.

10

was motivated by an intent to discourage employees from seeking to arbitrate FLSA claims, it is problematic that Defendants know that this provision is unenforceable and they have done nothing about it.

Nevertheless, as discussed in *Jefferis*, "[w]here the parties' intention is clearly expressed in a severability provision and indicates a preference for severance, the Court should sever the offending provision unless the cumulative effect of the unenforceable provisions 'taints' the remainder of the agreement and prevents a court from enforcing the agreement." 2019 WL 3462590, at *6 (citing *Scovill v. WSYX/ABC*, 425 F.3d 1012, 1016-17 (6th Cir. 2005)). Here, the parties agreed that the unenforceability of any provision shall not affect the application of any other provision. In the Court's view, the cumulative effect of the offending statute-of-limitations provision does not render the remainder of the agreement unenforceable. The Court concludes, as did the *Jefferis* court, that the Dispute Resolution Plan is enforceable once the statute-of-limitations provision is severed.

Plaintiff has failed to show that the Dispute Resolution Plan is substantively unconscionable. Likewise, she has failed to show that it is procedurally unconscionable. She argues that the employment relationship is inherently coercive and notes that employees must agree to the Dispute Resolution Plan if they want the job. She further notes that the Plan at issue is a standardized form contract prepared by Defendants, offered to employees who have no choice as to the terms.

11

Nevertheless, standing alone, "[m]ere inequality in bargaining power" between employers and employees is insufficient to invalidate an arbitration agreement. *Gilmer*, 500 U.S. at 33. Moreover, the arbitration agreement is not rendered procedurally unconscionable just because it is presented to employees on a pre-printed, standardized form, on a take-it-or-leave-it basis. *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 500 (6th Cir. 2004). A job applicant is free to decline an offer of employment if any terms and conditions are unacceptable, including binding arbitration of employment disputes. Plaintiff does not allege that the circumstances surrounding the formation of the contract was such that no voluntary meeting of the minds was possible. Accordingly, the Court finds that the Dispute Resolution Plan is not procedurally unconscionable.

For the reasons set forth above, the Court finds that the Dispute Resolution Plan is enforceable, with the severance of the six-month statute of limitations for submitting requests for mediation. The Court therefore SUSTAINS Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Compel Mediation and Arbitration, Doc. #14. Given that all of Plaintiff's claims are subject to mediation and then arbitration, the Court DISMISSES Plaintiff's claims WITHOUT PREJUDICE. *See DeAngelis v. Icon Entm't Grp., Inc.*, 364 F. Supp. 3d 787, 797 (S.D. Ohio 2019) (Marbley, J.) (holding that dismissal, rather than a stay, is appropriate if all claims are subject to arbitration).

Judgment shall be entered in favor of Defendants and against Plaintiff.

12

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 14, 2022

*Walter N. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE